**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**MARY WALTMAN**                                                                                    **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 2:06cv107KS-MTP**

**WAL-MART STORES, INC.**                                                                 **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#13]** filed on

behalf of the defendant.  The court, having reviewed the motion, the response, the

pleadings and exhibits on file, the briefs of counsel and being otherwise fully advised in

the premises finds that the motion is well taken and should be granted.  The court

specifically finds as follows:


**FACTUAL BACKGROUND**

On November 3, 2003, the plaintiff entered the Wal-Mart store alone in Laurel,

Mississippi, to shop for her daughter-in-law and herself.  After placing various goods in

her shopping cart, the plaintiff was going down the meat aisle where she encountered

two shoppers talking, one on the far right of the meat aisle and one in the center.

As the plaintiff pushed her cart to the left of the customer standing in the middle

of the aisle, she allegedly stepped in an unknown substance causing her left foot to slip

out from under her which resulted in her falling on her left side and cutting her forehead.

The plaintiff could not identify what the substance was but has speculated that it was

water.  Neither could she identify the source of the substance, who was responsible for it being on the floor or how long it had been on the floor.  Nor has the plaintiff been able to identify any witness with any such knowledge.

Tina Barrett, a co-manager of the defendant's store, was summoned and arrived to find the plaintiff sitting on the floor shortly after the fall.  The plaintiff was helped to a wheelchair and rendered first aid by Wal-Mart personnel in the area where she fell. While she was being assisted, the plaintiff has testified that she saw a Wal-Mart employee use her foot to pull a "wet floor" cone out from under the meat cooler several feet down the aisle in front of her and move it to the center of the aisle.

The plaintiff has also testified that she saw a meat cart, which is used to carry meat from the back of the store to the meat coolers, before she fell.  When she saw it, it was on the end of the aisle at the by the meat cooler on her right and was empty. Veronica Hamm, a Wal-Mart employee who works in the meat department, testified that she had been using the cart to replenish the meat coolers about five minutes before the plaintiff's fall and that the cart was not leaking or dripping.   Ms. Hamm saw the plaintiff pass her up the aisle from the fall and heard the plaintiff fall a short time later, but did not see the actual fall.

The plaintiff fell at approximately 10:15 a.m.  At approximately 7:00 to 7:30 a.m. that same morning, Veronica Hamm also testified that she completely cleaned up a small Coke spill at the end of the aisle ahead of where the plaintiff fell and put out a safety cone.  The spill was not in the area of the plaintiff's fall.  This cone is apparently the one which the plaintiff allegedly saw another employee place in the aisle after she fell.

2

Ms. Hamm has also testified that she saw nothing wet or slippery in the area of the plaintiff's fall when she went to assist the plaintiff.  She did see blood from the cut on the plaintiff's forehead.  Ms. Barrett testified that when she arrived on the accident scene, she inspected and felt the floor in the area where the plaintiff fell and neither saw nor felt anything wet or slippery which would have caused the plaintiff to fall.

The plaintiff filed the present complaint in the Circuit Court for the Second Judicial District of Jones County, Mississippi, on January 24, 2006, alleging serious and permanent physical and emotional injuries as well as past and future pain and suffering. On April 19, 2006, pursuant to 28 U.S.C. § 1441, the defendant timely and properly removed the action to this court based on diversity of citizenship, 28 U.S.C. § 1332. The parties have completed discovery and the defendant has moved for summary judgment.  The court has jurisdiction over the parties and the subject matter and the case is ripe for consideration.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T.*

*for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  Id.  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

4

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalia*n, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also,*

*Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## PREMISES LIABILITY IN MISSISSIPPI

To prevail in the plaintiff's negligence claim, she must prove by a preponderance of the evidence the following elements:

1. A duty owed by the defendant to the plaintiff;
2. A breach of that duty;
3. Damages; and
4. A causal connection between the breach and the damages, such that the breach is the proximate cause of the damages.

*Grisham v. John Q. Long V.F.W. Post*, 519 So. 2d 413, 416 (Miss. 1988).

The defendant's motion has challenged the plaintiff's negligence claim generally and the plaintiff's ability to prove a breach of duty by the defendant, specifically.  The court notes that in order for the plaintiff to prevail against the defendant's challenge in the Motion for Summary Judgment, she must make a showing sufficient to establish the existence of the defendant's breach of duty on which she will bear the burden of proof at trial.  See *Celotex Corp. v. Catrett*, supra at 322.  This she has failed to do.

Under Mississippi law an owner, occupant or person in charge of a premises owes a business invitee the duty to keep the premises in a reasonably safe condition or

to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care. *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283 (Miss. 1986).

When a dangerous condition on the business premises is caused by the owner's or occupier's own negligence, no knowledge of its existence need be shown. However, when a dangerous condition on the business premises is caused by third persons unconnected with the store, the burden is upon the non-moving party to show the owner or occupier had actual or constructive knowledge of the condition. *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293 (Miss. 1988)(*citing Waller*, *supra*).

Constructive knowledge is established by the proof that the condition existed for such a length of time that, in the exercise of reasonable care, the owner or occupier should have known of it. *Douglas v. Great Atlantic and Pacific Tea Company*, 405 So. 2d 107,120 (Miss. 1981); *Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes*, 247 Miss. 575,584, 156 So. 2d 734,736 (1963). Regarding the passage of time and constructive notice, the Mississippi Supreme Court has stated:

> It does not follow that because the store opened at 8:00, that at precisely that time some person threw a dark object on the floor. It is just as logical to assume that the object was thrown there two or three minutes before she stepped on it, and such presumption is not sufficient to sustain a recovery on the theory that the object had been placed there or remained there for a sufficient length of time so that appellee, by the exercise of reasonable care, should have known of the dangerous commission and removed the object from the floor.

*Aultman v. Delchamps*, 202 So.2d 922, 924 (Miss. 1967); *See also Waller v. Dixieland Food Stores, Inc.*, 492 So.2d at 296.

In the present case, there is no proof tending to show the length of time which

7

any foreign or slippery substance had been on the floor before the plaintiff's fall. Indeed, there is absolutely no proof to show that there was any foreign substance on the floor except the plaintiff's own speculation that there was water on the floor. To the contrary, two Wal-Mart employees inspected the floor after the plaintiff fell and found no foreign substance. Ms. Barrett even felt of the floor and found nothing. Ms. Hamm also testified that she had been through the area five minutes before the accident and had not seen anything on the floor.

There is no evidence in this record to lead a finder of fact, using reasonable inferences or otherwise, to a conclusion as to the cause of the plaintiff's fall. The plaintiff has failed to offer any proof that the defendant or its employees were aware of any condition of the floor which could have caused the accident prior to the plaintiff's fall. Nor has the plaintiff presented any evidence that the defendant or its employees placed any substance on the floor or that the defendant had any knowledge, actual or constructive, of any foreign substance on the floor prior to the plaintiff's fall.

### *RES IPSA LOQUITUR*

In her response to the motion, the plaintiff makes a passing argument that the doctrine of *res ipsa loquitur* applies. Literally, the term means "the thing speaks for itself." BLACK'S LAW DICTIONARY, Eighth Ed. (2004). The doctrine is a rule of evidence whereby the negligence of an alleged wrongdoer may be inferred from the mere fact that an accident happened if the circumstances are such that in the absence of negligence the accident would not have occurred and the causative instrumentality is under the exclusive control and management of the alleged wrongdoer.

8

However, overlooked by counsel is the fact that the doctrine has no applicability in premises liability cases.  "The issue in this case is not injury nor danger, but negligence proximately causing or contributing to the injury. The doctrine of *res ipsa loquitur* would not apply."  *Daniels v. Morgan & Lindsey, Inc.*, 198 So.2d 579, 584 (Miss. 1967)(no applicability in case involving a slip and fall on waxed asphalt tile floor). Further, "[p]roof merely of the occurrence of a fall on a floor within business premises is insufficient to show negligence on the part of the proprietor.  . . . The basis of liability is negligence and not injury."  *Sears, Roebuck & Co. v. Tisdale*,185 So.2d 916, 917 (Miss. 1966)(no applicability where customer slipped and fell on gum ball on floor of store).

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment **[#13]** is Granted and the plaintiff's complaint is dismissed with prejudice and that all other pending motions are dismissed as moot.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 1st day of May, 2007.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE